

FILED

06/14/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0191

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0191

MATTHEW DANIEL GRIFFIN,

    Petitioner,

v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, CASCADE COUNTY ATTORNEY
JOSHUA RACKI, AND HEATHER SMITH,
MASC ADMINISTRATOR, MISSOULA
ASSESSMENT SANCTION CENTER,

    Respondent.



FILED

JUN 1 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Matthew Daniel Griffin petitions this Court for habeas corpus relief, contending that the revocation of his 2010 sentence was improper for failure to comply with the Montana Incentives and Intervention Grid (MIIG), pursuant to § 46-23-1028, MCA (2017). The Department of Corrections (Department or DOC) has responded in accordance with our May 2, 2022 Order and argues that Griffin's Petition should be denied.

In June 2010, the Cascade County District Court sentenced Griffin for felony attempt (robbery) to the Montana State Prison for twenty years with ten years suspended and recommended the NEXUS program. In 2019, the Board of Pardons and Parole (Board) granted Griffin parole. Griffin's parole officer determined that Griffin had used illegal drugs, in violation of his conditions, beginning in July 2019 and continuing through the next year. Each time, the parole officer applied the MIIG to Griffin in imposing sanctions. In January 2021, the parole officer could not contact Griffin, and the officer determined that Griffin had absconded, submitting a Report of Violation with the District Court the next month. On November 17, 2021, the Cascade County District Court revoked Griffin's previous sentence after Griffin admitted violating the condition of no drug or alcohol use.

The court sentenced Griffin to the DOC for nine years with six years suspended and awarded jail time credit of 188 days, along with 225 days of street time credit. The court recommended "placement at NEXUS, to be followed by pre-release."

Griffin asserts that because the court dismissed the offense of absconding, then the MIIG should apply here, and he cannot be revoked for a compliance violation. Griffin requests a new revocation hearing; certain placement, other than what the Missoula Assessment Sanction Center administrator has suggested; and an appearance before the Board.

The Department urges the Court to deny the petition for three reasons. The Department first points out that Griffin could have, but did not, appeal the revocation of his sentence, and state statute precludes him from challenging a sentence upon revocation through habeas corpus relief. Section 46-22-101(2), MCA. The Department argues that Griffin has not met his burden to show illegal incarceration. Section 46-22-101(1), MCA. Finally, the Department points out that the court committed Griffin to the DOC. Griffin is not entitled to an appearance before the Board because he is under DOC's supervision and not confined in prison. Sections 46-23-1001(7), -1011(1), MCA.

We find the Department's arguments dispositive here. Griffin did not appeal when the District Court revoked his suspended sentence, has not demonstrated illegal incarceration or a facially invalid sentence, and is not entitled to an appearance before the Board.

IT IS THEREFORE ORDERED that Griffin's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: Tina Henry, Clerk of District Court, Cascade County, under Cause No. DC-10-169; Joshua Racki, Cascade County Attorney; counsel of record; and Matthew Daniel Griffin.

DATED this 14 day of June, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
                 Justices